**HANEY v. LENTHERIC, Inc., et al.**

**Civ. A. No. 51–186.**

United States District Court
D. Massachusetts.

June 7, 1951.

Thomas H. Mahony, Herbert U. Smith, Boston, Mass., for plaintiff.

Fernand A. Boudreau and Foley, Hoag & Eliot, all of Boston, Mass., for defendants.

SWEENEY, Chief Judge.

There is before me a motion to dismiss the action or, in lieu thereof, to quash return of service of the trustee writ, on the ground that the Court lacks jurisdiction of the subject matter, because no bond has been filed as required by the trustee process statute, Mass.G.L. (Ter.Ed.) c. 246, § 1. That statute requires the filing of a bond when an action is brought by trustee process when the *ad damnum* is in excess of $1,000 "except in the case of a writ which contains a statement that the action is upon a judgment or in contract for personal services * * *." The writ in this action contains the following statement—"In an action of Contract for personal services." Regardless of the statement in the writ, I think that we can look further to see if the action is actually brought in contract for personal services. In other words, I feel that the mere statement on the writ is not sufficient unless supported by the allegations in the declaration. From the allegations of the declaration it would appear that the plaintiff had a written contract for personal services with the defendant which was breached. The defendant argues that the action is for breach of contract and is not within the terms of the exception of the statute. The statute is open to the construction that it was meant to be limited to small claims by laborers and others for

monies due for services rendered, but I can find no decision which makes such an interpretation, nor is there anything in the history of the Act itself which would appear to limit the exception to such a class. This being so, I think that this Court ought not to be the first to place a limitation upon the plain words of this statute. I feel that this action sufficiently involves a claim for personal services to bring it within the exception, and since no bond is required the motion to dismiss must be denied.